## EX PARTE MILEY.

### IN RE WARNEKE v. KEARSE.

1. HOMESTEAD—WAIVER.—JUDGMENT against husband and wife is not a lien on real estate of wife less in value than $1,000; neither owning other lands from date of judgmgent to date of levy, the grantee of the wife takes the land free from the lien of the judgment, as right to homestead is not waived by sale.

2. EXCEPTION pointing out no specific error is too general.

Before KLUGH, J., Aiken, October, 1904. Affirmed.

Petition by Sallie Miley in case of H. F. Warneke against D. H. Kearse and Susan Badger Kearse. From order granting prayer of petition, plaintiff H. F. Warneke appeals.

*Mr. T. R. Morgan,* for appellant, cites: *Homestead not having been set off petitioner bought land subject to lien of judgment:* Con., art. III., sec. 28; Code 1902, 2635.

*Messrs. Croft & Salley,* contra, cite: *Question must be determined by law before Constitution of 1895:* 41 S. C., 109; 45 S. C., 61; 56 S. C., 186; 51 S. C., 10;; Rev. Stat. 1893, 2132, 2130. *Sale of homestead is not waiver of right to it:* 56 S. C., 173; 41 S. C., 37; 38 S. C., 90. *Lien of*

*judgment did not attach:* 26 S. C., 1; 32 S. C., 266; 29 S. C., 178; 49 S. C., 389; 37 S. C., 102; 44 S. C., 299; 19 S. C., 243; 24 S. C., 428.

February 26, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This is an appeal from an order of his Honor, Judge Klugh, enjoining Mrs. H. F. Warneke, the appellant, and the sheriff of Aiken County, from selling certain real estate, levied upon under the judgment in the case of H. F. Warneke, plaintiff, against D. H. Kearse and Susan Badger Kearse, defendants. The following facts were admitted by the parties to this controversy:

1. That D. H. Kearse and Susan Badger Kearse became husband and wife on the 25th of September, 1890. That as husband and wife they resided in a house and lot in the city of Aiken, in this State, from the date of their marriage until the 26th of December, 1901.

2. That this small lot of land was all the real estate which the said D. H. Kearse and Susan Badger Kearse owned or now own, and this lot of land was owned in her own right by the said Susan Badger Kearse.

3. That on the 26th of December, 1901, for the sum of $750, the said Susan Badger Kearse, under her deed, conveyed the said small lot of land to the petitioner, Salley Miley, which said deed was duly recorded in the office of Register of Means Conveyance of Aiken County in title Book 1 i, p. 30.

4. That the plaintiff, Mrs. H. F. Warneke, obtained a judgment in Court of Common Pleas for Aiken County in said State, against the defendants, D. H. Kearse and Susan Badger Kearse, for the sum of $14.19, on the 22d of November, 1897, on a note held by the plaintiff against the defendants, dated the 20th of June, 1895.

5. That the said judgment was levied upon the small tract of land, formerly owned by Susan Badger Kearse and at present owned by the petitioner, Salley Miley, by the

sheriff, Owen Alderman, who has advertised the same for sale on the 7th of November, 1904, for the purpose of satisfying said judgment.

6. That the said Susan Badger Kearse occupied the same as her homestead; that the same is admitted to be worth the sum of $750, and no more.

Upon the pleadings and the foregoing facts, the contention between the parties came on for trial before Judge Klugh, who, upon the 31st of October, 1904, rendered the following order:

"This is a motion made before me at chambers this day upon notice and upon a petition and affidavits on the part of Salley Miley, for an order enjoining the plaintiff, Mrs. H. F. Warneke, and the sheriff of Aiken County, from proceeding further with the sale of a house and lot located in the city of Aiken, on an execution issued in the above entitled action, on the ground that the said property is exempt from the judgment lien on which said execution was issued by reason of the homestead laws of this State. The facts of the case are these: The defendants, Susan Badger Kearse and D. H. Kearse, it appears, were married on the 25th of September, 1890, and have ever since occupied the relation of husband and wife, and have ever since been residents of the State of South Carolina. It also appears that the judgment on which the said execution was issued in the above entitled action was recovered on the 22d day of November, 1897. I also find that from the date said judgment was recovered up to and including the 26th of December, 1901, the date on which said property was sold to Salley Miley, that the defendant, D. H. Kearse, owned no real estate in this State, nor did his wife, Susan Badger Kearse, during said period of time own any real estate, except that herein advertised for sale, and that they occupied the same as their home until they removed to the County of Spartanburg, in 1896. That the said Susan Badger Kearse conveyed the same to Salley Miley on the 26th of December, 1901, for the consideration of $750, which

was a reasonable price for the same. On these facts I hold
as a matter of law that said property not being worth more
than one thousand dollars, and the defendants owning no
other property during said period, the same was exempt
from the judgment lien herein as their homestead.

"Ordered, that plaintiff, Mrs. H. F. Warneke, and Owen
Alderman, sheriff of Aiken County, and all persons claiming
under, by or through them, be enjoined, and they are hereby
enjoined and restrained, from proceeding further with
the sale until the further order of the Court, and the plain-
tiff, Mrs. H. F. Warneke, pay the cost of this proceeding."

To which order the appellant filed the following excep-
tions:

"1. Because his Honor erred in holding as a matter of
law that the property, sought to be sold, not being worth
more than one thousand dollars, and the defendant owning
no other real property during the period mentioned in the
petition, was exempt from the judgment lien herein as their
homestead; whereas, he should have held as a matter of law
that the defendant, Susan B. Kearse, waived any right to
homestead that she may have had in said real estate by her
deed of conveyance of the said real estate to the said Salley
Miley.

"2. Because his Honor erred in not holding as a matter
of law, as contended by the plaintiff, that inasmuch as the
real estate had never been assigned or set off to the defend-
ant, Susan Badger Kearse, as a homestead, the lien of
judgment remained upon said real estate, and the same was
conveyed to the petitioner, Salley Miley, subject to said lien.

"3. Because his Honor erred in not holding as a matter
of law, as contended for by the plaintiff, that the debt upon
which the judgment referred to in the petition was ren-
dered, evidenced by the note mentioned in the first para-
graph of the third defense of the answer of the plaintiff to
the petition herein was a contract entered into prior to the
adoption of the Constitution of South Carolina of 1895,
and, therefore, the said Constitution not being retroactive,

section 28, of article III. of said Constitution, and the acts passed pursuant thereto, were not applicable to this case, but the Constitution of 1868, as subsequently amended in the year 1880, governed, and that said Constitution did not prohibit the waiver of the homestead.

"4. Because his Honor erred in enjoining and restraining the plaintiff, Mrs. H. F. Warneke, and the sheriff of Aiken County, from proceeding further with the sale herein."

The appellant has abandoned exception *three*.

We will now dispose of the other three exceptions in their order.

1. The Circuit Judge is sustained in the matter embraced in this exception. The true value of the house and lot in Aiken, being the sum of $750, and it appearing that neither said Susan Badger Kearse nor her husband, D. H. Kearse, owned other lands in this State on the 26th day of December, 1901, she had a right of homestead in said house and lot, which being of less value than $1,000, was not subject to any lien by attachment or otherwise by her creditors. *Elliott* v. *Mackorell,* 19 S. C., 243; *Cantrell* v. *Fowler,* 24 S. C., 428; *Wood* v. *Timmerman,* 29 S. C., 178; *Ketchin* v. *McCarley,* 26 S. C., 1, 1 S. E., 1099. It made no difference that such right of homestead was not assigned. *Ketchin* v. *McCarley, supra,* in which it was held: "It is clear, therefore, that the land in controversy in this case, was not only exempt from levy or sale under the execution issued to enforce McCarley's judgment, but was not subject to the lien of such judgment. If, then, the land was not subject to the lien of the judgment when it was conveyed to the plaintiff (to petitioner in the case at bar), it must necessarily have passed to her free from any such lien or encumbrance, and can not now be subjected to the satisfaction of a judgment against her grantor."

2. The decisions cited above are conclusive of the question raised by the second exception.

3. The fourth exception is too general; it points out no specific error.

These exceptions are all overruled.

It is our judgment, that the judgment of the Circuit Court is affirmed.